1

2

3

4

5

6

7

8                              **UNITED STATES DISTRICT COURT**
                                    **DISTRICT OF NEVADA**
9

10   DANTE PATTISON,                          )
                                              )
11                  Plaintiff,                )        3:12-cv-00670-RCJ-WCG
                                              )
12   vs.                                      )
                                              )        ORDER
13   STATE OF NEVADA,  *et al.*,              )
                                              )
14   _____Defendants._____         )

15          This is an action that has been removed from state court.  (ECF No. 1).  Plaintiff opposes

16   removal of the action (ECF No. 8), which defendants oppose.  Various other motions have been filed,

17   which shall be denied as moot given the substance of this Order.

18          This matter was removed to federal court after two years of proceedings in the state court. The

19   removal statutes provides in pertinent part:

20              (a) Generally.--Except as otherwise expressly provided by Act of
                Congress, any civil action brought in a State court of which the district
21              courts of the United States have original jurisdiction, may be removed
                by the defendant or the defendants, to the district court of the United
22              States for the district and division embracing the place where such
                action is pending.
23
                                            * * *
24
                (c) **Joinder of Federal law claims and State law claims**.--(1) If a civil
25              action includes--

26              (A) a claim arising under the Constitution, laws, or treaties of the
                United States (within the meaning of section 1331 of this title), and

1      (B) a claim not within the original or supplemental jurisdiction of the
2      district court or a claim that has been made nonremovable by statute,
     the entire action may be removed if the action would be removable
3      without the inclusion of the claim described in subparagraph (B).

4   28 U.S.C. § 1441 (a), (c);

5      Any of the following civil actions or criminal prosecutions, commenced
     in a State court may be removed by the defendant to the district court
6      of the United States for the district and division embracing the place
     wherein it is pending:
7

8      (1) Against any person who is denied or cannot enforce in the courts of
     such State a right under any law providing for the equal civil rights of
     citizens of the United States, or of all persons within the jurisdiction
9      thereof;

10      (2) For any act under color of authority derived from any law providing
     for equal rights, or for refusing to do any act on the ground that it would
11      be inconsistent with such law.

12   28 U.S.C. § 1443; and

13      (a) Generally.--A defendant or defendants desiring to remove any civil
     action from a State court shall file in the district court of the United
14      States for the district and division within which such action is pending
     **a notice of removal signed pursuant to Rule 11 of the Federal Rules**
15      **of Civil Procedure** and containing a short and plain statement of the
     grounds for removal, together with a copy of all process, pleadings, and
16      orders served upon such defendant or defendants in such action.

17      (b) Requirements; generally.--(1) The notice of removal of a civil action
     or proceeding **shall be filed within 30 days after the receipt by the**
18      **defendant, through service or otherwise, of a copy of the initial**
     **pleading setting forth the claim for relief upon which such action**
19      **or proceeding is based,** or within 30 days after the service of summons
     upon the defendant if such initial pleading has then been filed in court
20      and is not required to be served on the defendant, whichever period is
     shorter.
21

22   28 U.S.C. § 1446 (a), (b) (emphasis added).

23      Federal jurisdiction must be determined by reference to the "well-pleaded" complaint. *Franchise*

24   *Tax Bd.*, 463 U.S. 1, 9-10, 103 S.Ct. 2841, 2846 (1983). Claims brought under state law may "arise

25   under" federal law if vindication of the state right necessarily turns upon construction of a substantial

26

1   question of federal law, i.e., if federal law is a necessary element of one of the well-pleaded claims. *Id*.

2   at 13, 27-28, 103 S.Ct. at 2848, 2855-56; *see also Merrell Dow Pharmaceuticals*, 478 U.S. 804, 808,

3   106 S.Ct. 3229, 3232 (1986).

4          The state court proceedings were commenced on September 8, 2010, with a complaint that

5   alleged plaintiff was being denied kosher meals at the prison in violation of prison regulations.  ECF No.

6   1.  Defendants were served by way of Summons and Complaint on September 27, 2010.  *Id.*, exhibit B.

7   The matter was actively litigated during its pendency in state court including the filing of motions to

8   dismiss and for summary judgment.  *See* ECF Nos. 1, exhibits A through F.   The state court addressed

9   these motions in an order which denied the defendants' motion to dismiss, granted plaintiff's motion for

10  summary judgment and for an injunction requiring that he be provided a kosher diet going forward.  ECF

11  No. 1, exhibit G.   Defendants continued to litigate the matter in state court, seeking relief from the

12  judgment, a motion to vacate an evidentiary hearing set to determine plaintiff's monetary damages and

13  other related matters.  Exhibits. H through P.  Those various motions were also decided by the court in

14  its order entered November 19, 2012, which denied defendants' various motions for relief. Defendants

15  thereafter filed their petition for removal on December 19, 2012. The petition for removal argues that

16  removal is appropriate at that late date because defendants only became aware of the federal nature of

17  the claims when the state court's order construed the claims as raising federal civil rights issues.  ECF

18  No. 1 at ___.  That order rightly noted:

19              Although the August 18, 2011 order was silent as [to] the constitutional
                grounds underlying its decision, **it is immediately clear from the face**
20              **of plaintiff's complaint that the asserted facts, [fn 9] taken as true,**
                **allege violations of plaintiff's federally-secured civil rights,**
21              **specifically, his First Amendment right to free exercise of religion.**
                [fn 10]
22

23              Note 9: "The failure in a complaint to cite a statute, or to cite the correct
                one, in no way affects the merits of a claim. Factual allegations alone
                are what matters." *Townsend v. Benjamin Enters.*, 679 F.3d 41, 57 (2d
24              Cir. 2012) (quoting *Albert v. Carovano*, 851 F.2d 561, 571 n.3 (2nd Cir.
                1988) (en banc); *Alvarex v. Hill*, 518 F.3d 1152, 1157-58 (9th Cir.
25              2008) (The federal civil procedure rules' notice pleading standar
                "requires the plaintiff to set forth in his complaint claims for relief, not
26

3

1
2

causes of action, statutes or legal theories" and therefore, "[a] complaint need not identify the statutory or constitutional source of the claim raised in order to survive a motion to dismiss") (Citations omitted.)

3
4
5
6
7

Note 10: Plaintiff "is a practicing Torah Observant Kabbalist and adherent of the Jewish faith..." (Compl. at 6); Plaintiff's "sinceerely [sic] held religion mandates that adherents of the Jewish faith adhere to the Jewish food laws of Kashrut." (*Id.*); "every Kosher meal consumed becomes a ritual act of worship." (*Id.* at 7.); Plaintiff was approved for a Kosher diet in 2009. (*Id.*); Plaintiff's Kosher meals were later terminated due to a prison policy that granted Kosher meals only to those inmates who could prove that they practiced Orthodox and Conservative sects of Judaism. (*Id.* at 7-8.)

8

ECF No. 1, Exhibit Q, pp. 4-5 (emphasis added).

9
10
11
12
13
14
15
16
17

Defendants' assertion that the federal nature of the claims raised only became apparent upon the court's construction of them as such in the court's latest order is belied by the record and fails to provide a reasonable and convincing argument that the time for removal had long expired before this petition was filed. Not only does the court's order undercut defendants' argument, but their arguments related to "liberty interests" not arising under prison regulations and their acknowledgment of plaintiff's averment in the complaint "that he has suffered the willful and intentional tort of the deprivation of his rights to due process of law. . .", highlights their awareness of the constitutional dimensions of the plaintiff's claims well before their removal petition. *See Id.,* ex. H-1 at 14-15; *see specifically*, lines 16-20 and p. 16.

18
19
20

Thus, it appears that the belated removal was a last ditch effort by defendants to put a stop to the losing streak it suffered in the state court. The motion for remand (ECF No. 8) shall be granted and this matter shall be immediately returned to the jurisdiction of the state court for all further proceedings.

21
22
23
24
25
26

Moreover, the removal smacks of bad faith, in violation of Rule 11 of the Federal Rules of Civil Procedure, the rule under which the petition for removal was executed. *See* Fed.R.Civ.P. 11(b)(a)(1). Under Rule 11, attorneys have a duty to certify by their signature that (1) they have read the pleadings or motions they file and (2) the pleading or motion is 'well-grounded in fact,' has a colorable basis in law, and is not filed for an improper purpose. *Smith v. Ricks*, 31 F.3d 1478, 1488 (9th Cir.1994). The

4

court considering a request for Rule 11 sanctions should consider whether a position taken was "frivolous," "legally unreasonable," or "without factual foundation, even if not filed in subjective bad faith." *Zaldivar v. City of Los Angeles*, 780 F.2d 823, 831 (9th Cir.1986); *see also Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1362–65 (9th Cir.1990) (en banc). If a paper is filed for an improper purpose or is frivolous, sanctions may be appropriate. *Townsend*, 929 F.2d at 1362. A decision to impose sanctions should only be considered applying an objectively reasonable standard: would a reasonable attorney, having conducted an objectively reasonable inquiry into the facts and law, concluded that the offending paper was well-founded. *Shutts v. Bently Nevada Corp.*, 966 F.Supp. 1549, 1562 (D.Nev. 1997).

Here, the parties had notice of the claims for over two years and actively litigated the claims in the state court, raising arguments and defenses based on due process and liberty interest principles. *See supra.* Then, after roundly losing on all issues and facing an evidentiary hearing to prove up plaintiff's money damages, they attempt to terminate their losing streak by removing the matter to this Court arguing that they only became aware of the federal nature of the claims based on the state court's characterization of them. ECF No. 1. This argument is not "legally reasonable" and appears to be "without factual foundation." *Zaldivar*, 780 F.2d at 831.

The motion for sanctions (ECF No. (9) shall be granted and defendants shall be required to pay sanctions in the amount of $100 to plaintiff within 30 days of entry of this order for costs and delays incurred as a result of this unwarranted removal.

**IT IS THEREFORE ORDERED** that the motion for remand (ECF No. 8) is **GRANTED**. This matter is **remanded** to the Seventh Judicial Court of the State of Nevada for all further proceedings.

**IT IS FURTHER ORDERED** that the motion for sanctions (ECF No. (9) is **GRANTED**. Defendants are Ordered to pay to plaintiff the sum of $100 as and for costs and losses incurred by plaintiff as a result of this unwarranted removal. The sanctions shall be paid within thirty days of entry

1   of this order and defendants shall file a notice in this action with a copy of a receipt signed by plaintiff

2   acknowledging receipt of the payment.

3          **IT IS FURTHER ORDERED** that all other pending motions are **DENIED AS MOOT**.

4          Dated this 11th day of March, 2013.

6   _____

7                    UNITED STATES DISTRICT JUDGE

6