# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

DANTE H. PATTISON,

    Plaintiff,

v.

STATE OF NEVADA et al.,

    Defendants.

3:12-cv-670-RCJ-WGC

**ORDER**

## BACKGROUND

On December 19, 2012, Defendants State of Nevada ex rel Nevada Department of Corrections, Greg Cox, James Stogner, Renee Baker, E.K. McDaniel, and Tasheena Sandoval (collectively "Defendants") filed a petition for removal in this Court. (ECF No. 1). Plaintiff, a prisoner in the custody of the Nevada Department of Corrections, filed a *pro se* motion to remand and a motion for sanctions. (ECF No. 8-9). On March 12, 2013, this Court granted Plaintiff's motion to remand the matter back to the Seventh Judicial Court of the State of Nevada and granted Plaintiff's motion for sanctions. (ECF No. 25 at 5).

In its order, this Court found the following[1]:

> The state court proceedings were commenced on September 8, 2010, with a complaint that alleged plaintiff was being denied kosher meals at the prison in violation of prison regulations. Defendants were served by way of Summons and Complaint on September 27, 2010. The matter was actively litigated during its pendency in state court including the filing of motions to dismiss and for summary judgment. The state court addressed these motions in an order which denied the defendants' motion to dismiss, granted plaintiff's motion for summary judgment and for an injunction requiring that he be provided a kosher diet going forward. Defendants continued to litigate the matter in state court, seeking relief from the judgment, a motion to vacate an evidentiary hearing set to determine plaintiff's monetary damages and other related matters.

---

[1] Internal citations omitted.

> Those various motions were also decided by the court in its order entered November 19, 2012, which denied defendants' various motions for relief. Defendants thereafter filed their petition for removal on December 19, 2012. The petition for removal argues that removal is appropriate at that late date because defendants only became aware of the federal nature of the claims when the state court's order construed the claims as raising federal civil rights issues.

(*Id.* at 3). This Court noted that the state court correctly noted in its November 19, 2012 order that:

> Although the August 18, 2011 order was silent as [to] the constitutional grounds underlying its decision, it is immediately clear from the face of plaintiff's complaint that the asserted facts, [fn 9] taken as true, allege violations of plaintiff's federally-secured civil rights, specifically, his First Amendment right to free exercise of religion. [fn 10]
>
> Note 9: "The failure in a complaint to cite a statute, or to cite the correct one, in no way affects the merits of a claim. Factual allegations alone are what matters." *Townsend v. Benjamin Enters.*, 679 F.3d 41, 57 (2d Cir. 2012) (*quoting Albert v.Carovano*, 851 F.2d 561, 571 n.3 (2d Cir. 1988) (en banc); *Alvarex v. Hill*, 518 F.3d 1152, 1157-58 (9th Cir. 2008) (The federal civil procedure rules' notice pleading standard "requires the plaintiff to set forth in his complaint claims for relief, not causes of action, statutes or legal theories" and therefore, "[a] complaint need not identify the statutory or constitutional source of the claim raised in order to survive a motion to dismiss") (Citations omitted).
>
> Note 10: Plaintiff "is a practicing Torah Observant Kabbalist and adherent of the Jewish faith..." (Compl. at 6); Plaintiff's "sinceerely [sic] held religion mandates that adherents of the Jewish faith adhere to the Jewish food laws of Kashrut." (*Id.*); "every Kosher meal consumed becomes a ritual act of worship." (*Id.* at 7.); Plaintiff was approved for a Kosher diet in 2009. (*Id.*); Plaintiff's Kosher meals were later terminated due to a prison policy that granted Kosher meals only to those inmates who could prove that they practiced Orthodox and Conservative sects of Judaism. (*Id.* at 7-8).

(ECF No. 25 at 3-4).

This Court found that "Defendants' assertion that the federal nature of the claims raised only became apparent upon the court's construction of them as such in the [state] court's latest order [was] belied by the record and fail[ed] to provide a reasonable and convincing argument that the time for removal had long expired before this petition was filed." (*Id.* at 4). This Court found that the belated removal was "a last ditch effort by defendants to put a stop to the losing streak it suffered in the state court." (*Id.*).

With respect to sanctions, this Court found that "the parties had notice of the claims for over two years and actively litigated the claims in the state court, raising arguments and

defenses based on due process and liberty interest principles." (*Id.* at 5). This Court found that after losing on all issues and facing an evidentiary hearing to prove up Plaintiff's monetary damages, Defendants attempted to terminate their losing streak by removing the matter to this Court arguing that they only became aware of the federal nature of the claims based on the state court's characterization of them. (*Id.*). This Court found that this argument was not "legally reasonable" and appeared to be "without factual foundation." (*Id.*). This Court ordered Defendants to pay "sanctions in the amount of $100 to plaintiff within 30 days of the entry of [the] order and for costs and delays incurred as a result of [the] unwarranted removal." (*Id.*).

The pending motions now follow.

## DISCUSSION

**I.   Defendant's Motion for Reconsideration of Order Awarding Sanctions with Request to Vacate Sanctions and Stay the Order for Sanctions Pending Appeal and/or Reconsideration (ECF No. 28)**

Defendants request that this court reconsider its award of sanctions and to vacate the sanctions pursuant to Federal Rule of Civil Procedure 60(b). (ECF No. 28 at 2). Defendants argue that the Court misinterpreted its basis for removal. (*Id.* at 3). Defendants then attempt to re-argue the removal issue. (*Id.* at 3-10). Defendants also seek a stay on the sanctions order pending appeal. (*Id.* at 10).

Plaintiff filed an opposition. (ECF No. 29). Defendants filed a reply. (ECF No. 31).

A motion to reconsider must set forth "some valid reason why the court should reconsider its prior decision" and set "forth facts or law of a strongly convincing nature to persuade the court to reverse its prior decision." *Frasure v. United States*, 256 F.Supp.2d 1180, 1183 (D. Nev. 2003). Reconsideration is appropriate if this Court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. Acands, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). "A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled." *Brown v. Kinross Gold, U.S.A.*, 378 F.Supp.2d 1280, 1288 (D. Nev. 2005).

In determining whether to grant a stay pending appeal, the Court must consider the

following factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Golden Gate Rest. Ass'n v. City & Cnty. of San Francisco*, 512 F.3d 1112, 1115 (9th Cir. 2008). The Supreme Court has held that the first two factors are the most critical. *Nken v. Holder*, 556 U.S. 418, 434 (2009).

In this case, the Court denies Defendants' motion for reconsideration on the removal and sanctions issue. The Court finds that Defendants are reiterating the same arguments that this Court has already ruled on and finds no clear error with its initial decision.

Additionally, the Court denies Defendants' motion for a stay pending appeal. The Court finds that Defendants have not demonstrated a strong likelihood of success on the removal/sanctions issue and that Defendants will not be irreparably harmed by compiling with the sanctions order. As such, the motion is denied.

**II.    Plaintiff's Motion for Rule 11(c) Sanctions for Defendants Filing a Frivolous Paper (ECF No. 30)**

Plaintiff moves for sanctions against Defendants for filing the motion for reconsideration. (ECF No. 30). Defendants filed a response and Plaintiff filed a reply. (ECF No. 33-34).

The Court denies the motion for sanctions because the Federal Rules of Civil Procedure permit Defendants to file a motion for relief from judgment, order, or proceeding pursuant to Rule 60(b).

**III.   Plaintiff's Motion for Court Order (ECF No. 32)**

Plaintiff files a motion for the Court to order Defendants to serve Plaintiff with a copy of their reply to their motion to reconsider. (ECF No. 32 at 1). In response, Defendants state that they served Plaintiff with a copy of their reply and reference the certificate of service attached to their filing. (ECF No. 35 at 2).

The Court denies this motion as moot because Defendants served Plaintiff with a copy of their reply.

4

**CONCLUSION**

For the foregoing reasons, IT IS ORDERED that Defendant's Motion for Reconsideration of Order Awarding Sanctions with Request to Vacate Sanctions and Stay the Order for Sanctions Pending Appeal and/or Reconsideration (ECF No. 28) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Rule 11(c) Sanctions for Defendants Filing a Frivolous Paper (ECF No. 30) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Court Order (ECF No. 32) is DENIED as moot.

Dated this 11th day of February, 2014.

_____
United States District Judge